Ahmad J. Ekhlas
43 Edelweiss
RSM, CA 92688

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Ahmad J. Ekhlas, | **SACV13-00976 UA(Antyy)** |
| Plaintiff, | Case No.: _____ |
| vs. | COMPLAINT |
| INTEGRITY SOLUTION SERVICES, INC, | TRIAL BY JURY DEMANDED |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 et seq., and the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA") California Civil Code 1788 et seq.

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1788.30(f), and 28 U.S.C. § 1331.

3. All conditions precedent have occurred or been performed.

## VENUE

4. The occurrences giving rise to this action occurred in Orange County, California, and Plaintiff resides in Orange County, California.

5. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391.

## PARTIES

6. The Plaintiff, Ahmad J. Ekhlas (hereinafter "Plaintiff"), is a natural person residing in Orange County, California.

7. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), and the FDCPA 15 U.S.C. § 1692a(3).

8. Plaintiff is a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

9. The Defendant, INTEGRITY SOLUTION SERVICES, INC, (hereinafter "INTEGRITY"), is a Missouri business entity with offices at 20 Corporate Hills Drive, St. Charles MO 63301.

10. Defendant, INTEGRITY, is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b).

11. Defendant, INTEGRITY, is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA California Civil Code 1788.2.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. TransUnion is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Plaintiff obtained his consumer reports from the major consumer reporting agencies and found entries within the reports by entities that he was unfamiliar with.

14. Plaintiff found after examination of his TransUnion consumer report that Defendant, INTEGRITY, had obtained Plaintiff's TransUnion consumer report in July 2012.

15. Defendant, INTEGRITY, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

16. In attempting to collect said debt, defendant, INTEGRITY, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

17. Discovery of the Defendant's actions occurred in April 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

18. Discovery of the Defendant's actions has caused Plaintiff emotional distress.

19. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

20. Plaintiff sent a notice to Defendant, INTEGRITY, of their violation of the FCRA, FDCPA, and RFDCPA in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's consumer report before taking civil action against them. Plaintiff engaged in discussions with counsel representing INTEGRITY but failed to reach an acceptable agreement regarding damages to be paid to Plaintiff.

### COUNT I

### VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT INTEGRITY

21. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

24. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from the Defendant, INTEGRITY.

25. At no time did Plaintiff give his consent for Defendant, INTEGRITY, to acquire his consumer report from any consumer reporting agency.

26. Defendant, INTEGRITY, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff's TransUnion consumer report on July 1, 2012 with no permissible purpose.

27. Defendant, INTEGRITY, willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b and violating Plaintiff's right to privacy.

28. Defendant, INTEGRITY, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and INTEGRITY breached said duty by failing to do so. There was no account that INTEGRITY had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a. Adjudging that Defendant, INTEGRITY, violated the FCRA.

b. Awarding Plaintiff statutory damages, pursuant to the FCRA 15 U.S.C. § 1681n in the amount of $1000, against Defendant;

c. Awarding Plaintiff actual damages, in the amount of $1000, against Defendant;

d. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

f. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## COUNT II

## VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT INTEGRITY

29. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

30. Defendant, INTEGRITY, failed to send Plaintiff a written notice within five days after the initial communication in violation of 15 U.S.C. § 1692 1g(a).

31. Defendant, INTEGRITY, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

g. Adjudging that Defendant, INTEGRITY, violated the FDCPA.

h. Awarding Plaintiff statutory damages, pursuant to the FDCPA 15 U.S.C. § 1692k in the amount of $1000, against Defendant;

i. Awarding Plaintiff actual damages, in the amount of $1000 against Defendant;

j. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

k. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

l. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## COUNT III

## VIOLATION OF THE RFDCPA

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT INTEGRITY

32. Plaintiff repeats and re-alleges each and every allegation stated above.

33. Defendant, INTEGRITY, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by failing to comply with the provisions of 15 U.S.C. § 1692b to 1692j.

34. Defendant, INTEGRITY, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

m. Adjudging that Defendant, INTEGRITY, violated the RFDCPA.

n. Awarding Plaintiff statutory damages, pursuant to the RFDCPA 1788.30 in the amount of $1000, against Defendant;

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

m. Adjudging that Defendant, INTEGRITY, violated the RFDCPA.

n. Awarding Plaintiff statutory damages, pursuant to the RFDCPA 1788.30 in the amount of $1000, against Defendant;

o. Awarding Plaintiff actual damages, in the amount of $1000, against Defendant;

p. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

q. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

r. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 27, 2013

Respectfully Submitted,

Ahmad J. Ekhlas
43 Edelweiss
RSM, CA 92688